

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2003

# Hsu v. Palisades Park

Precedential or Non-Precedential: Non-Precedential

Docket 02-1318

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Hsu v. Palisades Park" (2003). *2003 Decisions.* Paper 850.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/850

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos:  02-1318/1474

———————

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;

GENE SCHWERDTFEGER
Intervenor Plaintiff in D.C.

v.

HESCO PARTS CORPORATION;
HESCO, INCORPORATED

HESCO, INC., Appellant in 02-1318
GENE SCHWERDTFEGER, Appellant in 02-1474

———————

On Appeal from the United States District Court
for the District of New Jersey

District Court Judge:  The Honorable Dennis M. Cavanaugh
(D.C. Civ. No. 98-cv-00278)

———————

Argued on December 10, 2002

Before:  FUENTES, GARTH and WALLACH*, Circuit Judges

(Opinion Filed: January 29, 2003 )

———————

*Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation.

David G. Uffelman [Argued]

Uffelman, Rodgers, Kleinle & Mets
165 Washington Street
Morristown, NJ 07960
*Attorney for Appellant/Cross Appellee, Hesco, Inc.*

Benjamin N. Gutman [Argued]
U.S. Equal Employment Opportunity Comm.
1801 L Street, N.W., Room 7022
Washington, DC 20507
*Attorney for Appellee, EEOC*

Maureen S. Binetti [Argued]
Wilentz, Goldman & Spitzer
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095
*Attorney for Appellee/Cross-Appellant, Gene Schwerdtfeger*

---

OPINION OF THE COURT

---

FUENTES, Circuit Judge:

Appellant Hesco, Inc. ("Hesco") appeals from an order entered by the United States District Court for the District of New Jersey denying attorneys' fees and costs to Hesco following a jury verdict of "no cause" in an action brought against Hesco under the Americans with Disabilities Act ("ADA"). Gene Schwerdtfeger ("Schwerdtfeger") cross-appeals the District Court's denial of his motion appealing the taxation of costs, the denial of his motion for a new trial, and the denial of his motion for sanctions. We affirm.

**I. Facts and Procedural History**

A.    Factual

Gene Schwerdtfeger has retinitis pigmentosa, a degenerative eye disease that renders him legally blind. The parties stipulated that he was "disabled' under the ADA. In 1956, Schwerdtfeger began working at Rite-Way, a "re-manufacturer" of rebuilt auto parts for Ford. Schwerdtfeger primarily worked in the breakdown area, disassembling used car parts, or cores, for subsequent re-manufacturing. He worked at Rite-Way for over thirty-seven years, until Hesco bought out the company.

Hesco was formed in January 1994 for the purpose of acquiring the assets of Rite-Way after Rite-Way lost its authorization from Ford. Hesco intended to operate the Rite-Way facility solely as warehouse, purchasing its inventory from other Ford re-manufacturers. On April 29, 1994, immediately prior to the closing on the sale of its assets, Rite-Way terminated its employees, including Schwerdtfeger. Prior to that date, Hesco interviewed certain Rite-Way employees for its initial warehouse positions. Hesco hired a staff of 22 employees to begin work on May 2, 1994. Hesco interviewed Schwerdtfeger but decided not to hire him.

B.    Procedural

On or about May 19, 1994, Schwerdtfeger filed a charge with the EEOC against Hesco, alleging disability discrimination in violation of the ADA. On May 7, 1998, the EEOC filed an Amended Complaint against Hesco in the United States District Court for the District of New Jersey, alleging that the company had violated the ADA by discriminating against Schwerdtfeger on the basis of his disability. On May 21, 1999,

Hesco moved for summary judgment, arguing that Schwerdtfeger could not perform the essential functions of the warehouse position. In its motion, Hesco neither contested the District Court's subject matter jurisdiction nor argued that it was not a covered entity under the ADA. On June 29, 1999, District Judge Walls denied Hesco's motion.

On November 19, 1999, the EEOC asked to be dismissed from the case and to withdraw as counsel. On December 14, 1999, the District Court granted the EEOC's application for voluntary dismissal with prejudice and stayed the action to allow Schwerdtfeger to intervene. The EEOC and Hesco stipulated that each side would bear its own litigation costs but left the issue of attorneys' fees to the District Court.

The EEOC played no further role in the litigation of the merits. On January 12, 2000, Schwerdtfeger's counsel entered an appearance on his behalf. The Magistrate Judge entered an order on April 25, 2000, which deferred any fee application by Hesco against the EEOC until the conclusion of all proceedings in the case.

On January 16, 2001, Hesco again moved for summary judgement on many of the grounds asserted in the prior motion, but also on the additional ground that it was not a covered entity under the ADA because it employed fewer than 25 employees on the relevant date. On April 11, 2001, the District Court denied Hesco's motion, finding that the issue was jurisdictional and that Hesco had waived jurisdictional defenses in the Consent Order dated April 21, 1998.

On June 10, 2001, Hesco moved to dismiss the action on the ground that jurisdiction could never be waived. Schwerdtfeger cross-moved for sanctions against

4

Hesco's counsel for raising the issue on the first day scheduled for trial. On June 12, 2001, the District Court denied Hesco's motion and withdrew the portion of the prior opinion finding waiver. The District Court reiterated its position that the numerosity issue was jurisdictional, but found that Hesco had employed 25 employees for more than 20 weeks in 1994.

Trial commenced on July 17, 2001. After eight days of trial, the jury deliberated for over five hours and returned a verdict for Hesco. The jury concluded that Schwerdtfeger was not a "qualified individual with a disability." Following the verdict, the District Court granted two extensions on Hesco's applications for attorneys' fees and costs. On August 28, 2001, the District Court denied Schwerdtfeger's motion for sanctions against Hesco's counsel. On September 5, 2001, Hesco finally moved for "prevailing party" attorneys' fees against EEOC and Schwerdtfeger. Schwerdtfeger cross-moved, on October 22, 2001, for sanctions against Hesco with respect to the attorneys' fees application.

By Order dated November 29, 2001 (entered November 30, 2001), the District Court denied Hesco's motion for attorneys' fees and Schwerdtfeger's cross-motion for sanctions against Hesco. The Court noted that the repeated denial of summary judgment indicated that there were material issues in dispute, and that the EEOC neither acted in bad faith nor unreasonably in pursuing the litigation. Hesco filed a notice of appeal from this decision and Schwerdtfeger filed a cross-appeal. Hesco filed its notice of appeal on January 28, 2002.

On November 7, 2001, the Clerk of the District Court taxed costs against

Schwerdtfeger and in favor of Hesco in the amount of $3,884.59. On November 19, 2001, Schwerdtfeger appealed the Clerk's assessment to the District Court. On January 4, 2002, the District Court denied this motion. Schwerdtfeger has cross-appealed this order as well.

## II. Jurisdiction and Standard of Review

We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of a district court. See Sinclair v. Soniform, Inc., 935 F.2d 599, 601 (3d Cir. 1991). We review a district court's grant or denial of attorneys' fees under an abuse of discretion standard. See Loughner v. University of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001).

We review a district court's denial of a motion for a new trial for an abuse of discretion. See Johnson v. Elk Lake School District, 283 F.3d 138, 147 (3d Cir. 2002). A district court's taxation of costs against a plaintiff is also reviewed for an abuse of discretion. See In re Paoli Railroad Yard PCB Litigation, 221 F.3d 449, 458 (3d Cir. 2000). A district court's decision on whether to award sanctions is subject to plenary review, but if the district court applies the proper legal standard, then the award of sanctions, including the extent is within the discretion of the district court. See In re Tutu Wells Contamination Litigation, 120 F.3d 368, 387 (3d Cir. 1997).

## III. Discussion

A.    Timeliness and Numerosity

The issues of timeliness involve Schwerdtfeger's cross-appeals. Schwerdtfeger appealed the following three decisions: (1) the District Court's Order of November 21, 2001, denying his motion for a new trial; (2) the District Court's Order of November 29,

6

2001, denying his motion for sanctions against defense counsel; and (3) the District Court's Order of January 4, 2002, denying his motion appealing the taxation of costs. Hesco argues that some of these appeals are untimely because the collateral issue of attorneys' fees does not extend the time to file an appeal as to the merits. The EEOC points to the Tenth Circuit's decision in Bridgestone/Firestone, Inc. v. Local Union No. 998, 4 F.3d 918, 924 (10th Cir. 1993), which held that a cross-appeal from a collateral order denying sanctions is timely if filed within 14 days of the appeal of the merits, as arguably supporting Schwerdtfeger's position that all of his appellate issues are timely.

The Bridgestone/Firestone opinion dealt with a primary appeal of the merits that had been timely, allowing Firestone to rely on the 14-day extension under Rule 4(a)(3) to file an appeal of a collateral order. By contrast, this case involves an appeal of a collateral order that was timely, with the opposing party attempting to rely on the 14-day extension to appeal the merits and other collateral orders. However, Rule 4(a)(3) plainly states that "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed." The rule does not differentiate between types of appeals. As a result, we find all of Schwerdtfeger's appeal issues to be timely as his notice of appeal was filed within 14 days of the date when Hesco's notice of appeal was filed.

Hesco asserts that the issue of whether a defendant qualifies as an "employer" under the ADA is a question of federal subject matter jurisdiction. Hesco further claims that the District Court lacked subject matter jurisdiction over this case because Hesco was not an

7

"employer" under the ADA. On April 29, 1994, the date Hesco refused to hire Schwerdtfeger, the ADA applied to an employer "who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding year." 42 U.S.C. § 12111(5)(A). We decline to determine whether the 25 employee requirement is jurisdictional, because regardless of whether the "25 or more employees" requirement is jurisdictional or goes to the merits of an ADA claim, Hesco is a covered entity.

Hesco was covered by the ADA on April 29, 1994, if it had 25 employees for each working day in each of 20 weeks in either 1993, the preceding year, or 1994, the current year. Other Circuit Courts have interpreted similar language in other federal statutes in this fashion. See Rogers v. Sugar Tree Prods., 7 F.3d 577, 580 (7th Cir. 1993) (concluding that under the ADEA "[t]he current year is the year in which the alleged violation occurred, and the applicable period does not cease on the date of the violation, but rather continues until the end of the calendar year."); Slack v. Havens 522 F.2d 1091, 1093 (9th Cir. 1975) (rejecting the argument that "current or preceding calendar year" means "the prior calendar year and only those months of the current year preceding the incident at issue" as incompatible with the plain language of Title VII). While it had no employees during 1993 and the early part of 1994, Hesco stipulated that it had 25 or more employees for at least 20 weeks during the second half of 1994. As a result, under the plain language of § 12111(5)(A), Hesco was a covered entity under the ADA on April 29, 1994.

Nevertheless, Hesco contends that the District Court erred in applying the ADA retroactively. Hesco contends that it did not become subject to the ADA until twenty

8

weeks after April 29, 1994.  This argument is without merit.  Retroactivity becomes an issue only when a new statute "attaches new legal consequences to events completed before its enactment."  Landgraf v. USI Film Prods., 511 U.S. 244, 270 (1994); Mathews v. Kidder, Peabody & Co., 161 F.3d 156, 160 n.5 (3d Cir. 1998) (a statute has "retroactive effect" if it would "reach back in time and alter the rights or obligations on which the parties relied prior to the statute's passage").  Given that Hesco's actions took place four years after the enactment of the ADA, the issue of retroactivity is not pertinent.  Prior to April 29, 1994, the plain language of the ADA indicated that any company employing 25 or more employees for 20 weeks during 1994 would be a covered entity under the statute.

> B.    Attorneys' Fees

Hesco claims that it is entitled to attorneys' fees from the EEOC and Schwerdtfeger.  The ADA permits the award of a "reasonable attorney's fee, including litigation expenses and costs" in the discretion of the court, to a "prevailing party."  42 U.S.C. § 12205.  A prevailing defendant is not awarded fees unless the plaintiff's action was "frivolous, unreasonable or without foundation, even though not brought in subjective bad faith."  Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).  The terms "frivolous, unreasonable, or without foundation" all imply "groundless ... rather than simply that the plaintiff has ultimately lost his case."  EEOC v. L.B. Foster Co., 123 F.3d 746, 751 (3d Cir. 1997) (quoting Christianburg Garment, 434 U.S. at 421), cert. denied, 522 U.S. 1147 (1998).

The Third Circuit looks to several factors in considering fees for a prevailing

defendant, including: (1) whether the plaintiff made a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case before trial or held a full-blown trial on the merits. Id. In this case, Schwerdtfeger made a prima facie case of discrimination in employment under the ADA, his allegations survived multiple motions for summary judgment, and his claim resulted in a trial on the merits after which the jury deliberated for nearly six hours. Based on these facts, the District Court did not err in finding that Schwerdtfeger's claim was not frivolous and in denying attorneys' fees to Hesco.

Hesco's claim for prevailing party attorneys' fees against the EEOC is meritless. As we have stated earlier, prior to trial, the EEOC was no longer a party to the action as it was dismissed with prejudice. See Kentucky v. Graham, 473 U.S. 159, 168 (1985) ("That a plaintiff has prevailed against one party does not entitle him to fees from another party, let alone from a nonparty."); see also Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 604-05 (2001) (a party has not "prevailed" unless it has received a judicially sanctioned judgment or consent decree in its favor, and thus, the court has changed the legal relationship between the parties).

C.      Schwerdtfeger's Appeal

Schwerdtfeger raises a number of issues on appeal. Most of these issues involve alleged errors made by the trial court. Schwerdtfeger also appeals the taxation of costs against him and the denial of his request for sanctions against Hesco. After having carefully considered each of these issues in the context of the record from the proceedings

10

in the District Court, we find no reason to reverse any of the Court's rulings.

## IV.  Conclusion

Accordingly, for the reasons stated above, we affirm the judgment of the District

Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge

11